McKinney, J.,
delivered the opinion of the Court.
The complainant, who is a feme covert, by her next friend, brought this bill against the defendants, her husband being a party, to recover certain slaves, claimed by her, as her separate property.
The bill was dismissed on demurrer, and the cause is brought here by appeal.
The simple facts of the case, are as follows : By a decree of the Chancery Court at Shelbyville, made at the August Term, 1857, the slaves in question were settled upon the complainant, Elvira M. Campbell, “to her sole and separate use, free from the debts, contracts or engagements of her present, or any future husband, reserving to her the right to sell any of said slaves that she deem advisable, and to re-invest the proceeds in other slaves, to be held in the same manner as the above named slaves.”
On the 4th of June, 1858, the complainant joined with her husband, in a bill of sale, for one of said slaves, to the defendant Hailey; and on the 7th of September, 1858, she, in like manner, joined in a bill of sale for four others, to the defendants, Fields & Cooper.
No money was advanced by the purchasers of the *418 slaves, in either instance. • The sole consideration was the pre-existing debts of the husband, for which the defendant held his obligations, which were surrendered to him.
The complainant alleges that she was importuned, and induced by her husband to join in the sales, upon his promise to settle upon her, other property of equal or greater value, but that he was utterly insolvent, and unable to do so.
The decree is in direct opposition to the settled course of decision in our Courts.
The principle is established by a series of adjudications, that where property is given to a feme covert, by deed, or Will, or by the decree of a Court of competent jurisdiction settled upon her, with power to dispose of it in a particular mode, her power of disposition is restrained to the prescribed mode, and she cannot otherwise dispose of it. So, if a qualified power of disposal, for a specific pur•pose, be given., she cannot dispose of it for any other purpose.
The specification of a definite purpose, would seem to operate as a restraint .upon the power of disposal, as much as the limitation of a definite mode.
We are not called upon to determine, whether or not, a tona fide purchaser, without notice, from a feme covert, of her separate property, under such'a settlement as the present, (if such a case may be supposed,) would be bound to see to the application of the purchase money, advanced by him to her; or, in other words, to see that it was reinvested in the’ prescribed mode.
No such question can arise in the present case, the decree by which the settlement was made, was constructive notice to all persons.; and fi’om the allegations of the bill, ,the defendants had actual notice, likewise.
*419 The property was exempt from all liability for “ the debts, contracts, or engagements,” of the husband.
The complainant had no power to sell it for the payment of Ms debts, or for other purpose, than to re-invest the proceeds in property of the same kind. In making the sale, the husband was guilty of a breach of trust, and the defendant participated in that breach of trust.
Their purchase of the property, for the satisfaction of the pre-existing debts of the husband, due to themselves, was a manifest fraud upon the rights of the complainant.
If the full value of the slaves, in money, had been advanced to the husband, still, the purchase would have •been in fraud of the power, and unavailing as against the complainant’s rights.
Upon the allegations of the bill, which stand admitted by the demurrer, the complainant is clearly entitled to recover the slaves, or their full value, at the time of the sale, together with the hire.
Decree reversed.